# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>CERTAIN ELECTRONIC DEVICES LOCATED AT 727<br>MCDOWELL RD, ASHEBORO, N.C. | )<br>)<br>)  Case No. 1:18MJ303<br>)<br>)<br>) |

OCT 19 2018

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____MIDDLE_____ District of _____NORTH CAROLINA_____
*(identify the person or describe the property to be searched and give its location):*

Certain Electronic Devices, more fully described in Attachment A, attached hereto and made part hereof

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

evidence and fruits of violations of 18 U.S.C. § 1029(a)(1), (3), and (4), and § 1343, all of which are more particularly described in Attachment B, attached hereto and made a part hereof.

**YOU ARE COMMANDED** to execute this warrant on or before _____October 12, 2018_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____The Honorable Joi Elizabeth Peake_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 9/28/2018 10:35 am
*Judge's signature*

City and state: Winston-Salem, North Carolina    The Hon. Joi Elizabeth Peake, United States Magistrate
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 1:18MJ303 | 10/4/18 @ 1359HRS | SA S. Greve Computer |

Inventory made in the presence of: SA S. Greve

Inventory of the property taken and name of any person(s) seized:

ELECTRONIC DATA FILES

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/18/18

_Executing officer's signature_

Stephen Greve Special Agent

_Printed name and title_

# ATTACHMENT A

The property to be searched consists of the SUBJECT DEVICES, further described as:

a. One black and gray Toshiba laptop computer, serial number 5C071660W

b. One black and silver HP Pavilion All in One desktop computer, serial number 8CC5450FLG, and

c. One rose gold iPhone 8 Plus, SEID number 040A42DBB244800172720431759437665734CE0F429BCC46.

The SUBJECT DEVICES are currently in the custody of the Randolph County Sheriff's Office, 727 McDowell Road, Asheboro, N.C. This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1.  All records on the SUBJECT DEVICES described in Attachment A that relate to violations of 18 U.S.C. §§ 1029(a)(1) (production, use, or trafficking in counterfeit access devices), 1029(a)(3) (possess with intent to defraud 15 or more counterfeit and unauthorized access devices), 1029(a)(4) (possession of device-making equipment), and 1343 (fraud by wire), involving FELTON MCLOYD NORRIS and YENEYDER DEL SOCORRO NORRIS, as follows:

   a. lists of identity information;

   b. any information concerning counterfeit credit or debit cards/access devices;

   c. any information related to sources of counterfeit credit or debit cards/access devices (including names, addresses, phone numbers, or any other identifying information);

   d. any information related to the purchase or sale of counterfeit credit or debit cards/access devices;

   e. any information related to the manufacture of counterfeit credit or debit cards/access devices, and software programs used to aid

in the manufacture of counterfeit credit or debit cards/access devices;

f. any information regarding any printing device that has been attached to the SUBJECT DEVICES or otherwise connected to the SUBJECT DEVICES wirelessly;

g. information relating to the use of counterfeit and unauthorized credit or debit cards;

h. any information recording FELTON MCLOYD NORRIS and YENEYDER DEL SOCORRO NORRIS's schedule or travel;

i. any photographs and videos relating to counterfeit and unauthorized credit or debit cards or access devices;

j. all information reflecting content of communications sent or received by FELTON MCLOYD NORRIS and YENEYDER DEL SOCORRO NORRIS relating to counterfeit credit or debit cards/access devices, including electronic mail, instant messages, and electronic chats and teleconferencing.

k. Information relating to the possession, use, or transfer of any means of identification of any other person without lawful authority.

2. Evidence of user attribution showing who used or owned the SUBJECT DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.